PER CURIAM:
Claimant brought this action for vehicle damage which occurred when excess gravel from the road struck the windshield of his 2000 Honda Civic on 1-79 North in Elkview, Kanawha County. 1-79 North is a road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 8:45 p.m. on October 19, 2006. Claimant was driving towards mile marker seven at approximately fifty-five miles per hour when the vehicle in front of him “kicked up” loose asphalt, and the asphalt struck and cracked his vehicle’s windshield. Claimant observed that paving work was being performed at this location and assumed that either the respondent or a contractor left the excess gravel in this area. As a result of this incident, claimant’s vehicle sustained damage to its windshield in the amount of $210.94.
The position of the respondent is that it did not have actual or constructive notice of the condition on 1-79 at mile marker seven. The respondent did not present any witnesses at the hearing.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep’t. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent did not have notice of the loose piece of gravel which struck claimant’s vehicle on 1-7 9 at mile marker seven. Since it is too speculative to determine where the piece of asphalt came from, the Court cannot find respondent liable. Thus, there is insufficient evidence of negligence upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.